This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          NO.   32,033

**JERRY TORRES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Alvin F. Jones, District Judge**

Gary K. King, Attorney General
Albuquerque, NM

for Appellee

Jerry Torres
Eloy, AZ

Pro Se Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Jerry Torres (Defendant) appeals pro se from his underlying 1996 convictions for first-degree murder, aggravated battery, aggravated assault, and shooting at a dwelling or occupied building. Defendant requests that this Court review all testimony and witness statements, [DS 6] as related to his central contention that his conviction should be reversed. Our notice proposed to dismiss, and Defendant filed a memorandum in opposition pursuant to a granted motion for extension of time. Defendant's memorandum in opposition cites a number of legal authorities in support of his position. [MIO 2-3] We remain unpersuaded by Defendant's arguments and his cited legal authorities do not change our view. We therefore dismiss.

As provided in our notice, our review of Case Lookup, *see* http://inside.nmcourts.gov/caselookup/app, provides that the underlying judgment and sentence was filed on October 10, 1996, and that an order denying Defendant's motions was filed on August 21, 2000. Defendant, however, did not file a notice of appeal until March 5, 2012. Given these time frames, we dismiss on the basis that Defendant's notice of appeal was untimely. *See generally* Rule 12-201(A)(2) NMRA (thirty days to file a notice of appeal). We further decline to treat Defendant's appeal as a habeas matter, which would warrant us transferring this case to the Supreme Court, *see* N.M. Const. art. VI, § 3, because there is no indication that Defendant is appealing from the denial of habeas relief below. *See generally* Rule 5-802 NMRA

(setting forth the procedure for filing a writ of habeas corpus by persons in custody or under restraint); Rule 12-501(A) NMRA (governing petitions for the issuance of writs of certiorari seeking review of denials of habeas corpus petitions by the district court pursuant to Rule 5-802 of the Rules of Criminal Procedure).

Apart from our dismissal based on the untimely notice of appeal, we note that one of Defendant's underlying convictions is for first-degree murder with a life sentence. As such, dismissal is further merited because any appeal should have been to the Supreme Court. *See* N.M. Const. art. VI, § 2 ("Appeals from a judgment of the district court imposing a sentence of death or life imprisonment shall be taken directly to the [S]upreme [C]ourt.").

For the reasons set forth herein and in our notice, we dismiss.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Chief Judge**

_____
**JAMES J. WECHSLER, Judge**